UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61010-CIV-COHN/Seltzer

ACCESS 4 ALL, INC., a Florida non-profit
Corporation, PETER DIPALMA, individually,
and WILLIAM NORKUNAS, individually,

        Plaintiffs,

vs.

STARBUCKS CORPORATION, a Washington
corporation, d/b/a STARBUCKS COFFEE
COMPANY,

        Defendants.
_____/

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Partial Summary Judgment [DE 32], Defendant's Response in Opposition [DE 38], Plaintiffs' Reply [DE 42], Defendant's Motion for Summary Judgment [DE 34], Plaintiffs' Response [DE 39] and Defendant's Reply [DE 43]. The court has carefully considered all of these filings and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs filed this action alleging various violations of the Americans with Disabilities Act ("ADA") in many of Defendant's retail locations within the State of Florida. The Complaint alleged specific ADA violations in 18 locations within the Southern District of Florida, but also listed approximately 300 other locations within Florida as containing similar violations. Complaint, ¶¶ 10, 13. Plaintiffs later moved to amend the Complaint to include 20 additional stores in the section of the proposed Amended Complaint that contained the more specific allegations found during the Rule

34 inspections. Amended Complaint, ¶ 13 [DE 41]. The Court granted this motion over Defendant's opposition.[1] In the meantime, the parties each moved for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

---

[1] This Order also allowed Defendants additional time to pursue discovery on the standing issue.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

### B. Cross-Motions – Standing

Plaintiffs' motion seeks partial summary judgment on the issue of liability for the ADA violations, relying upon their Amended Complaint and their experts' inspections of the property. Exhibits 1 to 6 to Plaintiffs' Motion [DE 32-1 to 32-6]. In opposition to the motion, Defendants contend that "a genuine issue of material fact exists as to whether Plaintiffs personally encountered any of the alleged barriers identified in either [the expert's] reports or in Plaintiffs' Complaint." Defendant's Response in Opposition at 5 [DE 38]. However, Defendant separately filed a motion seeking summary judgment on the grounds that Plaintiffs lacked standing because they had "no evidence to substantiate their contention that they personally encountered any barriers to access at any of the 304 locations identified in their Complaint." Defendant's Motion at 2.

Both motions raise the issue of standing. In order to have standing to bring a lawsuit, an ADA plaintiff must suffer injury in fact from the alleged forms of discrimination. Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001). In order to suffer injury in fact, a plaintiff must have actual knowledge of the discrimination, either through personal experience or actual notice that the discrimination occurs in a defendant's facility. Id. Such knowledge normally must be

determined at the time of the filing of the complaint.  Brother v. CPL Investments, Inc., 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004).  However, a private litigant need not "engage in a futile gesture if the person has actual notice that a person or organization covered by [Title III of the ADA] . . . does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1); 28 C.F.R. § 36.501(a).  "A plaintiff may have 'actual notice' under this provision by either having 'encountered discrimination or [having] learned of the alleged violations through expert findings or personal observation.'"  Resnick v. Magical Cruise Co., 148 F. Supp. 2d 1298, 1302 (M.D. Fla. 2001) (quoting Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1081 (D. Haw. 2000)) (alteration in original).  Additionally, "a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).

Plaintiffs attempt to rebut Defendant's argument that no standing has been proven by submitting affidavits in opposition to Defendant's motion for summary judgment.  Affidavit of Peter DiPalma [DE 39-1] and William Norkunas [DE 39-2].  Plaintiffs then rely on these affidavits in their reply memorandum in support of their own motion for partial summary judgment as to liability.  Neither side references a deposition of either Plaintiff.[2]

---

[2] The Court recognizes that discovery was extended until January 13, 2012, as to Plaintiffs' standing under the ADA for the violations alleged as to the additional 20 locations included in ¶ 13 of the Amended Complaint.  Order Granting Plaintiffs' Motion for Leave to Amend at 4 [DE 40].

### 1. Personal Knowledge and Chain Locations

Defendant argues that Plaintiffs have failed to provide sufficient evidence of actual knowledge of physical barriers at many of its locations listed in the Amended Complaint. Plaintiff DiPalma's affidavit only mentions four specific locations that he has visited. DiPalma Affidavit, ¶ 4. However, he also states that he has "personally observed at these locations, as well as other Starbucks locations in Florida," particular ADA violations. Id., ¶ 5. Plaintiff Norkunas' affidavit lists 14 locations that he has personally visited (all different than the four DiPalma listed). Norkunas Affidavit, ¶ 4. He also states that he has visited "other Starbucks locations in Florida," as well as the additional statement that he "frequently travel[s] to Starbucks locations throughout Florida." Id., ¶¶ 2, 5.

In addition to these factual assertions, Plaintiffs contend that ADA case law does not require a plaintiff to prove actual knowledge of violations as to other locations of the same national chain, particularly where alleged discriminatory policies apply to all locations, such as the failure to have in place and enforce a corporate policy to provide wheelchair disabled customers with access to an accessible table when that table is in use by an able bodied person. Plaintiffs rely upon certain United States District Court cases from California and Hawaii for this proposition. See Celano v. Marriott Int'l, Inc., Case No. C-05-4004-PJH, 2008 WL 239306 (N. D. Cal. January 28, 2008); Castaneda v. Burger King Corp., 597 F.Supp.2d 1035 (N.D. Cal. 2009); and Parr v. Kapahulu Investments, Inc., Case No. Civ. 98-00329-FIY, 2000 WL 687646 (D. Hawaii May 16, 2000). None of these cases are sufficient precedent for this Court to accept Plaintiffs' argument at this time regarding the amount of evidence required to prove a claim of

ADA discrimination against a chain location not visited by a plaintiff or expert.

Defendant responds to the chain location argument by noting that at least one district court has declined to follow the decisions relied upon by Plaintiffs. In Equal Rights Center v. Abercrombie & Fitch Co., 767 F.Supp.2d 510, 527-28 (D. Md. 2010), the court noted that the Castaneda decision appeared to be based upon a class action claim, and that the Celano decision appeared to be based upon those plaintiffs contacting numerous golf courses by telephone to reserve a single rider cart that none of the Marriott courses kept on site. On the sparse record before this Court at this time in this action, and given the lack of precedent from courts within the states covered by the United States Court of Appeals for the Eleventh Circuit, the Court is not prepared to accept Plaintiffs' argument that standing can be found to assert ADA claims as to Starbucks locations never visited by a plaintiff or expert. This conclusion is reached in this case where the primary ADA issue is a policy regarding Starbucks' employees' obligation to ask patrons to move from a wheelchair accessible table, as opposed to the policy in Celano regarding Marriott's acknowledged failure to have single rider golf carts at its golf courses. The Court will not grant summary judgment to either side at this time.[3]

## 2. Personal Knowledge – Actual Notice

Defendant contends that Plaintiffs have failed to meet their burden to create a genuine issue of material fact regarding their standing. However, unlike in this Court's

---

[3] Should this case proceed to a bench trial, both sides are encouraged to further brief the issue of standing in the context of chain locations, with an emphasis on case law from any United States Circuit Court of Appeals or United States District Courts within Florida, Alabama or Georgia.

decision in Campbell v. Moon Palace, Inc., – F.Supp.2d –, 2011 WL 4389894 (S.D. Fla. Sept. 21, 2011), Plaintiffs in this action have provided expert inspection reports detailing particular violations, and have submitted affidavits that do create a genuine issue of material fact regarding standing.[4]  In Campbell, the plaintiff identified only five alleged ADA violations in his deposition, out of 37 alleged in his Complaint.  The Court concluded that Campbell had presented "no evidence that he had actual notice of all of the violations alleged in his complaint." Id. at *4.  In the present action, Plaintiffs argue that their actual notice as to violations at locations they did not visit was gained through the expert's inspection reports.

### III.  CONCLUSION

The Court concludes that both motions for summary judgment should be denied.  The case shall proceed following the amended deadlines previously entered by this Court in its November 23, 2011 Order [DE 40].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Partial Summary Judgment [DE 32] is hereby **DENIED**;

2. Defendant's Motion for Summary Judgment [DE 34] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

Copy Provided:
counsel of record listed on CM/ECF

---

[4] The Court notes that it entered an order vacating the summary judgment and reconsidering the standing decision in Campbell on December 15, 2011.  Campbell v. Moon Palace, Inc., Case No. 11-60274-Civ-JIC, Docket Entry 77.