## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION
## CASE NO: 11:61010-CV-COHN/SELTZER

ACCESS 4 ALL, INC., a Florida Non      :
Profit Corporation, PETER DIPALMA,   :
Individually, and WILLIAM NORKUNAS, :
Individually,                                :
                                         :
      Plaintiffs,                       :
                                         :
v.                                             :
                                         :
STARBUCKS CORPORATION, a         :
Washington Corporation, d/b/a        :
STARBUCKS COFFEE COMPANY,    :
                                         :
      Defendant.                      :
_____/

### DEFENDANT STARBUCKS CORPORATION'S RENEWED MOTION FOR
### SUMMARY JUDGMENT AS TO STANDING
### AND SUPPORTIVE MEMORANDUM OF LAW

Comes now Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY ("Defendant" or "Starbucks") pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rules 7.1C and 7.5A, and this Court's Order extending the pretrial deadlines (Doc. 40), and hereby submits its Renewed Motion for Summary Judgment as to Standing and Supportive Memorandum of Law. Defendant is entitled to the entry of summary judgment as a matter of law, as no issues of material fact exist precluding entry of the same. A separate Statement of Undisputed Material Facts has been filed contemporaneously herewith and is cited herein as "Statement of Facts ¶__." In support of the Renewed Motion, Defendant states as follows:

### BACKGROUND

On May 6, 2011, Plaintiffs filed suit against Starbucks alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*. (Doc. 1). Specifically, Plaintiffs allege that because of alleged architectural barriers, they were denied access to and full

enjoyment of the goods, services, facilities and privileges provided at 304 locations throughout the state of Florida. (Doc. 1 at ¶¶ 10, 13, 14, 15).  In their Complaint, Plaintiffs sought injunctive relief. (Doc. 1).

On June 6, 2011, Defendant filed its Answer and Affirmative Defenses in response to Plaintiffs' Complaint, denying the substantive allegations of the Complaint and asserting several affirmative defenses, namely that Plaintiffs lack standing to assert their claims, and that Plaintiffs are not entitled to injunctive relief. (Doc. 8).

On August 24, 26 and 30, 2011, Rule 34 inspections were conducted on the eighteen (18) properties identified in paragraph 10(a) – 10(r) of the original Complaint.  Thereafter, on October 3 through October 5, 2011, Starbucks permitted Rule 34 inspections to occur on an additional twenty (20) stores within the state of Florida.

On November 28, 2011, Plaintiffs filed an Amended Complaint in this action alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*. (Doc. 41).  The Amended Complaint, in addition to reasserting the general allegations contained in the original Complaint as they related to the 304 Starbucks locations, and the specific allegations as to the eighteen (18) properties identified in paragraph 10(a)-10(r) of the original Complaint, also contains specific allegations regarding alleged barriers to access allegedly encountered at twenty (20) additional Starbucks locations in the state of Florida.[1]  (Doc. 41 at ¶ 13).  In their Amended Complaint, Plaintiffs again seek injunctive relief.  (Doc. 41).  Starbucks filed its Answers and Affirmative Defense to the Amended Complaint on December 9, 2011, again denying the substantive allegations in the Amended Complaint and again asserting several affirmative defenses, namely that Plaintiffs lack standing to assert their claims, and that Plaintiffs are not entitled to injunctive relief. (Doc. 44).

Summary judgment for Defendant is appropriate as Plaintiffs lack standing to either assert their claims or to seek injunctive relief. Specifically, Plaintiffs have absolutely no evidence to substantiate their contention that they personally encountered barriers to access at any of the 304 locations, generally, or specifically, the thirty-eight (38) locations specifically identified in their Amended Complaint. (Doc. 41 at ¶¶ 10, 13).

---

[1] The allegations regarding these additional twenty (20) stores were based directly on the inspection reports for the inspections conducted on October 3, 4 and 5, 2011.

<u>**MEMORANDUM OF LAW**</u>

I.      **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986) (quoting Fed. R. Civ. P. 56(c)).  The moving party bears the initial responsibility of demonstrating that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there is no genuine dispute regarding the material facts.  *Jeffrey v. Sarasota White Sox, Inc*., 64 F.3d 590, 593 (11th Cir. 1995) (quoting *Celotex*, 447 U.S. at 325).  Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex*, 477 U.S. at 324.  In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  Instead, there must be a sufficient showing that the finder of fact could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). "[U]nsupported, self-serving statements of the party opposing summary judgment are insufficient to avoid summary judgment."  *Penalty Kick Mgmt. v. Coca-Cola Co.*, 164 F.Supp.2d 1376, 1378 (N.D. Ga. 2001) (citing *Midwestern Waffles, Inc. v. Waffle House, Inc*., 734 F.2d 705, 714 (11th Cir.1984)).

II.     **LEGAL STANDARD FOR ESTABILSHING STANDING**

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Standing is thus a threshold question in every case requiring a court to determine whether a plaintiff has alleged a case or controversy within the meaning of Article III of the Constitution. *Dermer v. Miami-Dade County,* 599 F.3d 1217, 1220 (11th Cir. 2010).  "A litigant bears the burden of showing 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable

decision.'" *McLinnis-Misenor v. Maine Medical Center,* 319 F.3d 63, 67 (1st Cir. 2003).  These requirements are the " 'irreducible minimum'  required by the Constitution" for a plaintiff to proceed in federal court.  *Equal Access For All, Inc. v. Hughes Resort, Inc.,* Case No. 5:04-cv-178MCR, 2005 WL 2001740, at * 4 (N.D. Fla. Aug. 10, 2005).  *See also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).  In addition, when a plaintiff is seeking injunctive relief, he or she has the additional burden of demonstrating "a sufficient likelihood that he [or she] will again be wronged in a similar way[.]"  *Hughes Resort, Inc.,* 2005 WL 2001740, at *4 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2s 675 (1983)).  However, this threatened likelihood of being similarly wronged must be "real and immediate–as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Shotz,* 256 F.3d at 1081.  Moreover,

> [t]he party's claim must fall 'arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question"; the claim must be for injury to the party's own legal rights and interests, rather than the legal rights or interests of third parties; and the injury must be individualized or confined to a discreet group.

*Hughes Resort, Inc.,* 2005 WL 2001740, at *4 (citations omitted).

In the context of ADA Title III cases, these prerequisites to the establishment of standing consistently have been applied, particularly where the defendant operates a retail chain with facilities in multiple locations.  *See Gutherman v. 7-Eleven, Inc.* 278 F.Supp.2d 1374, 1378 (S.D.Fla. 2003).  "In order to demonstrate standing, a plaintiff must either live in close proximity to the defendant's facilities, or must demonstrate that he or she has visited the facility and/or is likely to visit in the near future." *See Gutherman,* 278 F.Supp.2d at 1378 (citing *Shotz,* 256 F.3d 1077, 1081 (11th Cir. 2001); *Steger v. Franco,* 228 F.3d 889, 893 (8th Cir. 2000); *Moyer v. Walt Disney World Co.,* 146 F.Supp.2d 1249 (M.D. Fla. 2000); *Resnick v. Magical Cruise Co., Ltd.,* 148 F.Supp.2d 1298 (M.D. Fla. 2001); *Tyler v. Kansas Lottery,* 14 F.Supp.2d 1220 (D.Kan. 1998)).  In the instant case, Plaintiffs have alleged generally that they encountered architectural barriers at 304 of Starbucks locations throughout the state of Florida. (Doc. 41 at ¶¶ 10, 13 and 15).   In addition, Plaintiff have provided specific allegations regarding barriers they allegedly encountered at thirty-eight (38) locations located throughout the state. *Id.* However, with respect to the 304 locations identified in the Amended Complaint, Plaintiffs have not produced any evidence that they suffered an injury-in-fact, or that they have a credible and specific intent to return to each and every of the 304 locations.  Similarly, with respect to the

thirty-eight (38) locations specifically identified in the Amended Complaint, Plaintiffs have failed to produce any evidence that they suffered an injury-in-fact at each of the thirty-eight (38) locations, or that they have a credible and specific intent to return to each of the thirty-eight (38) locations.  As such, Plaintiffs lack standing, and should be precluded from pursuing their claims, with summary judgment being entered in favor of Defendant.[2]

### A. Plaintiffs DiPalma and Norkunas Lack Standing As They Did Not Suffer An Injury In Fact At Each of The Starbucks Locations Identified In The Amended Complaint.

In their Amended Complaint, Plaintiffs DiPalma and Norkunas generally allege that architectural barriers to access were encountered at "the subject properties" and said barriers have endangered their safety. (Doc. 41 at ¶ 7, 9).  In Paragraph 10 of the Amended Complaint, Plaintiffs provide a list of approximately 304 Starbucks locations throughout the state of Florida, and allege that they have a "realistic, credible, existing, and continuing threat of discrimination," at each of the 304 locations.  (Doc. 41 at ¶ 10).  In addition, Paragraph 13 of the Amended Complaint provides a list of thirty-eight (38) stores which Plaintiffs allegedly visited and violations of the ADA they allegedly "observed, encountered or [were] brought to [their] attention" while visiting each of the thirty–eight (38) locations. *Id.* at ¶ 13.  The Amended Complaint further alleges that Defendant has discriminated against the individual Plaintiffs by "denying them access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings." (Doc. 41 at ¶ 11).  Aside from the specific barriers identified in paragraph 13, paragraph 15 of the Amended Complaint vaguely and generally alleges a plethora of barriers allegedly encountered by Plaintiffs presumably during their alleged visits to the 304 Starbucks' stores identified in the Amended Complaint. *Id.* at ¶ 15.

Despite this exhaustive and overbroad listing of barriers and stores, Plaintiffs have failed to present a scintilla of evidence establishing that they suffered (or will suffer) any injuries at all 304 Starbucks locations as alleged in the Amended Complaint.  With respect to the thirty-eight (38) Starbucks locations identified in paragraph 13 of the Amended Complaint, Plaintiffs have

---

[2] To the extent this Court finds that Plaintiffs have standing to pursue their claims with respect to some of the locations, Defendants also request the entry of partial summary judgment on those locations and claims for which this Court determines Plaintiffs lack standing.

only provided testimony regarding twenty (20) of the stores.[3]  In order to establish standing, Plaintiffs cannot merely rely on the vague and unsupported assertions outlined in their Amended Complaint, i.e., that as a result of allegedly encountering barriers to access at Starbucks' stores, they were injured.  Plaintiffs DiPalma and Norkunas must present **_evidence_** of the concrete and particularized injury they suffered.[4]  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992).  Plaintiffs DiPalma and Norkunas must specifically identify and produce evidence of each and every barrier they personally encountered. *Id.* at 563, 2137-38. *See also Campbell v. Moon Palace, Inc.,* Case. No. 11-60274CIV, 2011 WL 4389894, at *3 (S.D. Fla. Sept. 21, 2011).[5]  Moreover, they must specifically identify in what locations these barriers were personally encountered.  The mere fact that Plaintiffs walked into Starbucks stores is, without more, insufficient to establish the requisite standing.  "Plaintiffs['] entry into [d]efendant's restaurant "does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein." *Campbell*, 2011 WL 4389894, at *3 (citing *Access Now, Inc. v. S. Fla. Stadium Corp.,* 161 F.Supp.2d 1357, 1365 (S.D. Fla. 2001).  "Rather, 'his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations.' " *Campbell,* 2011 WL 4389894 at* 3. Plaintiffs have failed to demonstrate that they in fact encountered each and every of the barriers alleged in the Amended Complaint, specifically as those barriers relate to the 304 locations generally, and the thirty-eight (38) stores, specifically.

---

[3] Defendant is not conceding that Plaintiffs have standing to assert claims as to these twenty (20) locations, or any of the stores identified in the Amended Complaint.  Pursuant to this Court's Order extending the discovery deadline and limiting the extended discovery to the additional twenty (20) stores referenced in the Amended Complaint, (Doc. 40); Plaintiffs were asked and only provided testimony and/or evidence regarding these additional twenty (20) locations.

[4] Particularized means that the injury must affect the plaintiff in a "personal and individual way." *Id.* at n.1.

[5] This Court's subsequent order in *Campbell v. Moon Palace,* Case No. 0:11-cv-60274, 2011 WL 6951846, (S.D. Fla. Dec. 15, 2011) vacating the summary judgment and reopening the case, dealt with a limited issue, i.e., whether Plaintiff had demonstrated a real and immediate threat of future discrimination by Defendant.  This Court vacated its original order granting Moon Palace's motion for summary judgment finding that an issue of fact existed regarding whether Plaintiff had articulated a real and immediate threat of future discrimination. *Id.*. The order did not address or alter this Court's finding that to establish standing, an actual injury must be proven. *Id.*

In his deposition, Plaintiff Norkunas testified that he visited the following Starbucks locations: 2004 Tamiami Trail North, Naples, Florida; 740 North Collier Boulevard, Naples, Florida; 14401 Southwest 42nd Street, Miami, Florida; 47 West Flagler, Miami, Florida; 6815 Biscayne Boulevard, Miami, Florida; 13503 Biscayne Boulevard, Miami, Florida; 8001 South Orange Blossom Trail, Orlando, Florida; and 1650 Margaret Street, Jacksonville, Florida.[6] (Statement of Facts ¶¶ 14 -28).[7]  However, with many of the locations, Plaintiff Norkunas was unable to recall when these visits occurred, or how many times he visited. *Id.*  Moreover, while the Amended Complaint provides a laundry list of barriers allegedly encountered by Plaintiff Norkunas during his visits to Starbucks, his deposition testimony paints a very different picture. In fact, during his deposition, he testified that in total, he only encountered approximately six (6) alleged barriers to access at the locations he visited.[8] *Id.* at ¶¶ 15,18,20,22,24,25,27. Specifically, Plaintiff Norkunas testified that he allegedly encountered the following barriers at the following locations:

- At the Starbucks store located at 2004 Tamiami Trail North, Naples, Florida, Plaintiff Norkunas testified that the width of the transaction counter and lack of an accessible table were barriers he encountered. *Id.* at 15;

- At the Starbucks located at 740 North Collier Boulevard, Naples, Florida, Plaintiff Norkunas testified that he encountered sloped parking, a handoff counter that was too high, the door to the restroom opening from left to right

---

[6] Plaintiff Norkunas also testified that he visited two (2) stores located on Blanding Boulevard in Jacksonville approximately two (2) weeks prior to his January 4 2012, deposition. *Id.* at fn 8. However, he was unable to recall the specific address of the stores.  *Id.*  He further testified that during his visit the only barrier he recalled encountering was either a lack of an accessible table or a non mobility impaired customer using the accessible table. *Id.*

[7] It should be noted that Plaintiff Norkunas has failed to present any evidence that he encountered any barriers to access at any of the remaining stores identified in the Amended Complaint, including the eighteen (18) locations specifically identified in original Complaint.  His reliance on the unsupported self serving statements contained in his affidavit, which are nothing more than a recapitulation of the allegations in his Complaint and Amended Complaint, are alone insufficient to defeat motion for summary judgment. *Penalty Kick Mgmt*, 164 F.Supp.2d at 1378.

[8] It is important to note that Plaintiff Norkunas testified that while he visited the Starbucks location at 1650 Margaret Street in Jacksonville, he could not recall whether he had encountered any barriers to access. (Statement of Facts ¶ 28).

versus right to left, the transaction counter not being a sufficient width, and the lack or unavailability of accessible tables. [9] *Id.* at 18;

- At the Starbucks located at 14401 Southwest 42nd Street, Miami, Florida, Plaintiff Norkunas testified that he encountered barriers as they related to the lack or unavailability of the accessible tables and the width of the transaction counter. *Id.* at 20;

- At the Starbucks located at 47 West Flagler, Miami, Florida, Plaintiff Norkunas testified that he encountered a table blocking the accessible route to the restroom and the lack or unavailability of accessible tables. *Id.* at 22;

- At the Starbucks located at 6815 Biscayne Boulevard, Miami, Florida Plaintiff Norkunas indicated that he encountered insufficient space at the rear entrance door to enter the facility, and the lack or unavailability of an accessible table. *Id.* at 25;

- At the Starbucks located at 13503 Biscayne Boulevard, Miami, Florida, Plaintiff Norkunas testified he encountered a lack or unavailability of accessible tables. *Id.* at 26; and

- At the Starbucks located at 8001 South Orange Blossom Trail, Plaintiff Norkunas testified that he encountered a lack or unavailability of accessible tables. *Id.* at 27.

Plaintiff Norkunas' testimony regarding the barriers he allegedly encountered falls embarrassingly short of the plethora of barriers he originally alleged he encountered. Moreover, other than the alleged barriers identified above, Plaintiff Norkunas was unable to recall encountering any additional barriers and has failed to produce any **evidence** establishing that additional barriers were encountered. He therefore lacks standing to assert claims regarding any alleged violations other than those specifically identified in his deposition. *Campbell v. Moon Palace, Inc.,* Case No. 0:11-cv-60274, 2011 WL 6951846, at *2, fn 3 (S.D.Fla. Dec. 15, 2011).

Similar to Plaintiff Norkunas, Plaintiff DiPalma's deposition testimony is very revealing. Contrary to the allegations asserted in the Amended Complaint, Plaintiff DiPalma's deposition

---

[9] Plaintiff Norkunas testified that he was unable to recall whether the issue with the accessible table was the lack of an accessible table in the stores or that the accessible table was occupied by a non-wheelchair bound customer.

testimony establishes that not only had he not visited **any** of the thirty-eight (38) stores specifically identified in the Amended Complaint, but he also had not encountered the litany of barriers to access alleged in the Amended Complaint.  (Statement of Facts ¶ 40).

During his deposition, Plaintiff DiPalma testified that in 2011 he only visited four (4) Starbucks locations: 19127 Biscayne Boulevard, Miami, Florida, and 8566 Biscayne Boulevard, Miami, Florida, 1150 South Federal Highway, Dania, Florida, and 1800 North Federal Highway, Pompano Beach, Florida. *Id.* at ¶¶ 34-39.  Plaintiff DiPalma further testified that during his visits to these locations, he encountered approximately four (4) to five (5) barriers to access, a far cry from the approximately thirty-four (34) barriers alleged in the Amended Complaint. Specifically, Plaintiff DiPalma testified he allegedly encountered the following barriers at the following locations:

- At the Starbucks stores located at 19127 Biscayne Boulevard, Miami, Florida, and 8566 Biscayne Boulevard, Miami, Florida, Plaintiff DiPalma testified that he encountered the following barriers to access: the pull weight on the front door made it difficult to open and enter the stores, the pull weight on the restroom doors made it difficult to open and as such, he was unable to enter the restroom, customer computer wires were running across an accessible route making it difficult for him to gain access to the disabled table, the accessible routes within the store were blocked by product displays, the handoff counter was too high making it difficult for him to grab his coffee, and the crowd control ropes placed in the stores were not a sufficient width to accommodate his wheelchair. *Id.* at ¶ 35;

- At the Starbucks store located at 1150 South Federal Highway, Dania, Florida, Plaintiff DiPalma testified he encountered the following barriers to access: the pull weight on the front door made it difficult to open and enter the stores, the pull weight on the restroom doors made it difficult to open and as such, he was unable to enter the restroom, the handoff counter was too high making it difficult for him to grab his coffee, and crowd control ropes being placed in the stores which were not a sufficient width to accommodate his wheelchair. *Id.* at ¶ 37; and

- At the Starbucks store located at 1800 North Federal Highway, Pompano Beach, Florida, Plaintiff DiPalma testified he encountered the following barriers: the pull

weight on the front door made it difficult to open and enter, the pull weight on the restroom doors made it difficult to open and as such, he was unable to enter the restroom, and a non-wheelchair bound customer was occupying the accessible table.[10] *Id.* at ¶ 39.

Similar to Plaintiff Norkunas, Plaintiff DiPalma did not present evidence that he had visited any additional Starbucks stores, despite having alleged so in his Amended Complaint.  In fact, as stated, Plaintiff DiPalma testified that other than the four (4) locations mentioned above, ***he had no recollection of visiting any other store in the state of Florida at any time in 2011.*** *Id.* at ¶ 41.  Based on his testimony, it is clear that Plaintiff DiPalma lacks the requisite standing to assert claims against Starbucks for alleged violations at stores he did not visit and barriers he did not encounter.  *Campbell*, 2011 WL 6951846, at *2, fn 3.

Plaintiffs' general broad sweeping allegations that they experienced barriers at Starbucks locations throughout the state of Florida are not only insufficient under the law, but based on their deposition testimony are simply untrue.  Plaintiff Norkunas presented testimony that he visited approximately nine (9) of the 304 locations identified in the Amended Complaint, and of the thirty-eight (38) locations specifically identified in paragraph 13 of the Amended Complaint, he only encountered barriers to access in six (6) of the stores.  Even more outrageous, Plaintiff DiPalma testified that he visited four (4) of the 304 locations identified in the Amended Complaint.  In fact, out of the thirty-eight (38) locations specifically identified in paragraph 13 if the Amended Complaint, ***Plaintiff DiPalma did not visit a single one.*** (Statement of Facts at ¶¶ 41-42).   It is clear that Plaintiffs lack standing.  To the extent Plaintiffs have failed to bring forth particularized evidence of locations they visited, and the specific barriers they encountered during their visit, they lack standing to pursue their claims and summary judgment is appropriate.

### B.       Plaintiffs Lack Standing to Seek Injunctive Relief.

In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant. *See Shotz*, 256 F.3d at 1081 (citing *Proctor v. Prince George's Hosp. Ctr.,* 32

---

[10] Plaintiff DiPalma testified during his deposition that the customer inquired whether Plaintiff DiPalma wanted to use the table. (Statement of Fact, at fn. 12.).  However, because Plaintiff DiPalma was on his way to a doctor's appointment, he declined the offer. *Id.*  Clearly, this was not a barrier to access if Plaintiff DiPalma had no plans to remain in the store.

F.Supp.2d 830 (D.Md.1998); *Hoepfl v. Barlow,* 906 F.Supp. 317 (E.D.Va.1995); *Aikins v. St. Helena Hosp.,* 843 F.Supp. 1329 (N.D.Cal.1994)). To withstand summary judgment, Plaintiffs must present evidence of "a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury." *Brother v. Tiger Partner,* LLC, 331 F.Supp.2d 1368, 1373 (M.D. Fla. 2004) (citing *Shotz,* 256 F.3d at 1081). Moreover, the Supreme Court has made it very clear that " 'someday intentions-without any description of concrete plans', or indeed even any speculation of *when* the some day will be-do not support a finding of 'actual or imminent' injury that our cases require." *Lujan,* 504 U.S. at 564, 112 S.Ct. 2130.

In order to defeat summary judgment and establish standing to seek injunctive relief, Plaintiffs had to present specific concrete evidence of their intent to return not only to each of the 304 Starbucks locations identified in their Amended Complaint, but also those specific locations which they testified during their depositions they visited and allegedly encountered barriers to access.[11] *Rosenkrantz v. Markopoulos*, 254 F.Supp.2d 1250, 1252 (M.D.Fla. 2003) (citing *Lujan*, 504 U.S. 563-64, 112 S.Ct. at 2130).

During their depositions, Plaintiffs were asked whether they had concrete and definitive plans to visit certain of Starbucks stores.  Despite the overly broad generalized allegations contained in the Amended Complaint, Plaintiff Norkunas testified during his deposition that he only had plans to visit approximately eight (8) Starbucks locations. (Exhibit 3 to Statement of Facts at 121-26, 128-34).  Similarly, Plaintiff DiPalma testified that he only intended to return to four (4) of Starbucks stores. (Statement of Facts at ¶ 42). Even assuming for purposes of summary judgment that Plaintiffs actually do intend to return to certain Starbucks locations, their "plans" to return are far from concrete and really amount to "someday intentions," insufficient to support their demand for injunctive relief.  For example, when asked about his intent to return to

---

[11] As previously noted, Plaintiffs have presented absolutely no evidence that they visited all 304 Starbucks stores identified in the Amended Complaint.  In addition, they have presented no evidence that they encountered barriers to access at each and every of the 304 Starbucks stores identified in the Amended Complaint.  To that end, Plaintiff Norkunas has only presented detailed testimony (versus a reassertion of unfounded and unsupported allegations) that he personally visited nine (9) of the 304 stores listed in the Amended Complaint.  Similarly, Plaintiff DiPalma has presented factual testimony and evidence that he visited a total of four (4) Starbucks locations.

the Starbucks store located at 47 West Flagler Street in Miami, Plaintiff Norkunas provided uncertain testimony on the definite nature of his plans:

> Q.     Do you have any concrete or particularized plans to return to the Starbucks location located at 47 West Flagler Street in Miami?
>
> A.     Yes.
>
> Q.     When?
>
> A.     Some mediation I'm being informed will be scheduled, **and although, the final mediation location hasn't been determined**, that's where they principally are held across the street from this one.  **So when those mediations take place** within the next 90 days, that's when I'd be going back.
>
> Q.     For this case, or another case?
>
> A.     No, other cases.
>
> Q.     So you have a current mediation scheduled in another case, or other cases?
>
> A.     Cases.
>
> Q.     Cases.  Within the next 90 days?
>
> A.     **I believe so**.  I would have to check with the lawyers.
>
>    . . .
>
> Q.     How many cases are we talking about?
>
> A.     I don't know.  But, generally, mediations are scheduled, so it could be several cases.
>
>    . . .
>
> Q.     So I am asking what mediation and when they're scheduled.
>
> **A.     I don't recall.**
>
>    …
>
> Q.     How many cases are we talking about?
>
> A.     I have no idea.

(Exhibit 3 to Statement of Facts at 123-27) (emphasis added).[12]

---

[12] It is worth noting that Plaintiff Norkunas refused to provide details regarding these alleged mediations scheduled in Miami.  (Exhibit 3 to Statement of Facts, at 126-27).  Plaintiff Norkunas

Plaintiff DiPalma's intent to return to the four (4) Starbucks locations is even more specious.   While he testified that he intends to return to four of Starbucks stores, he also indicated very clearly during his deposition that he is incapacitated and confined to his bed, and was confined to his home for a good portion of 2011.   (Statement of Facts at ¶¶ 34, 41). Moreover, according to Plaintiff DiPalma, aside from the Starbucks located at 1800 North Federal Highway, Pompano Beach, Florida, he has not visited any of the four stores since July of 2011. *Id.* at ¶¶ 34, 36.  His intent to return someday, in light of his incapacitation, is speculative at best, and is insufficient to establish standing.  *Rosenkrantz,* 254 F.Supp.2d at 1252.

Plaintiffs may argue that because Starbucks is similar to a fast-food restaurant, it is inconceivable that they would be able to identify with any specificity their intent to return to certain locations. However, Plaintiffs cannot site to any Eleventh Circuit case establishing that because Starbucks is a chain restaurant, Plaintiffs are absolved of their obligation to establish a real and immediate threat of future discrimination in order to have standing to seek injunctive relief.  Plaintiffs may further assert that they are entitled to injunctive relief because they have established that they encountered barriers to access during their past visits to Starbucks. However, this argument fails. "When injunctive relief is sought, past exposure to illegal conduct, without a continuing threat of future harm, is insufficient to show a *present* case or controversy. Injury in the abstract is not sufficient." *Fox v. Morris Jupiter Associates*,  No. 05-80689-CIV, 2007 WL 2819522, at *3 (S.D. Fla., Sept. 25,  2007) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101-102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Factors to consider when analyzing the likelihood of actual future injury are '(1) the proximity of the place of public accommodation

---

testified that mediations had been scheduled in Miami, Florida in various cases in which he was testifying as an ADA expert. *Id.*at 124.  As Plaintiff Norkunas was unable to recall specifically when the mediations were scheduled, the undersigned asked for the names of the cases for which he had been appointed an ADA expert.  *Id.* at 125.  As Plaintiff Norkunas testified regarding an intent to return to this Starbucks store allegedly around the time these mediations were scheduled, and was unable to recall when the mediations were to take place, the identity of the cases in which mediation was scheduled, was extremely relevant to establishing Plaintiff Norkunas' standing to seek injunctive relief as to the Starbucks located at 47 West Flagler Street in Miami.  Moreover, he testified that he had no recollection of visiting the location at any time after the original complaint was filed and had not visited the store at any time after the filing of the Amended Complaint. *Id.* at 72.  His failure or unwillingness to provide details regarding his intent to return clearly evidences he has no intent to return, and is fatal to his standing claim as to this particular Starbucks location. *Lujan*, 504 U.S. at 564, 112 S.Ct. at 2130.

to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant.'" *Hoewischer v. Park Shopping, Ltd.,* Case. No. 3:10-cv-810-J-37JBT, 2011 WL 4837259, at *4 (M.D. Fla. Oct. 12, 2011) (quoting *Fox,* 2007 WL 2819522, at *4 (citations omitted)). In reviewing these factors, Plaintiffs have not presented evidence supporting injunctive relief as to all 304 locations identified in the Amended Complaint, generally, or the thirty–eight (38) stores specifically identified in paragraph 13.

First, Plaintiffs both reside in South Florida. (Statement of Facts at ¶¶ 12, 31).  As such, they live over 100 miles away from over fifty percent of the 304 locations identified in the Amended Complaint.  In addition, while Plaintiffs have testified that they enjoy Starbucks coffee, both Plaintiffs specifically testified during their depositions that they had no recollection of visiting many of the Starbucks stores prior to the filing of the Amended Complaint. *Id.* at ¶¶ 29, 40-41.[13]  Plaintiffs also testified that they did not have any definite plans to return to many of the stores identified in the Amended Complaint, had not visited many of the stores since the filing of their Amended Complaint on November 28, 201,1 and/or, had no definitive plans to travel to several of the cities where many of the Starbucks stores are located.  *Id.* at ¶¶ 16, 21, 28, 29-30, 35, 37, 41, 42).[14]   *See Shotz,* 256 F.3d at 1082 (holding that Title III plaintiffs lacked standing as there was no "real and immediate threat of future discrimination," when the plaintiffs had only visited the premises on one occasion, did not appear likely to return, had not returned since the filing of their lawsuit).

Plaintiffs have failed to present sufficient evidence establishing standing to seek injunctive relief either as to each of the 304 Starbucks locations identified generally in the Amended Complaint, or as to the thirty-eight (38) locations identified specifically in paragraph

---

[13] In adhering to this Court's order, Plaintiffs' deposition testimony only discussed the additional twenty (20) stores and the new allegations related to these stores as alleged in the Amended Complaint.  Notwithstanding, Plaintiffs, aside from their self serving affidavits and the testimony presented during their depositions, have not presented any factual evidence demonstrating what additional stores they have visited, and/or when these visits occurred.

[14] In fact, Plaintiff Norkunas testified that during 2011 his only trips outside of the South Florida area to other locations within the state of Florida were December trips to Orlando and Jacksonville.  *Id.* at ¶¶ 27-28, fn 7.  In addition, Plaintiff DiPalma testified that he traveled out of town one time in 2011, and after returning from this trip, became incapacitated and confined to his bed. (Exhibit 4 to Statement of Facts, at. 19 -20).

13 of the Amended Complaint.  Their failure to produce evidence of future injury is fatal to their claim for injunctive relief, and warrants the entry of summary judgment for Defendant.

C.    **Access 4 All, Inc.'s Standing Is Limited To The Standing of Plaintiff DiPalma.**[15]

An organization has associational standing to bring suit on behalf of its members so long as it is able to establish that "(a) its members would otherwise have standing to sue in their own right; (b) the interests [the association] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Lamb v. Charlotte County,* 429 F.Supp.2d 1302, 1311 (M.D. Fla. 2006) (citing *Hunt v. Wash. State Apple Adver. Comm.,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)); *Access 4 All, Inc. v. Atlantic Hotel Condo. Assoc.*, No. 04-61740-CIV, 2005 WL 5643878, at *9 (S.D. Fla. Nov. 23, 2005).  However, an organization's standing is limited to that standing possessed by its individual members.  *Lamb*, 429 F. Supp.2d at 1311. Specifically, an organization's failure to maintain a member with standing prevents the organization from asserting standing for the same claims.  *See National Alliance for Mentally Ill, St. Johns Inc. v. Board of County Com'rs of St. Johns County,* 376 F.3d 1292, 1296 (11th Cir. 2004)(citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 66, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997)("An association has standing to sue or defend in such capacity, however, only if its members would have standing in their own right.") (citations omitted); *Doe v. Stincer,* 175 F.3d 879, 886 (11th Cir.1999)(the right of an association to sue on behalf of its constituents does not relieve it of its obligation to show that one of its constituents otherwise had standing to sue)).

In the instant case, Access 4 All, Inc.'s standing is contingent upon the standing of Plaintiff DiPalma.  Plaintiff DiPalma's failure to establish standing to assert each of his claims regarding each of the alleged barriers at each of the 304 Starbucks locations, generally, and the thirty-eight (38) stores identified in paragraph 13, specifically, precludes Access 4 All's claims as well.

---

[15] Plaintiff Norkunas is not a member of Access 4 All. (Statement of Fact at ¶ 31).  As such, Access 4 All's standing to assert its claims is contingent upon Plaintiff DiPalma's standing to assert his claims.

### III.    CONCLUSION

Plaintiffs lack standing to pursue the claims contained in their Amended Complaint.  To establish standing, Plaintiffs had to present evidence of each and every barrier they encountered at each and every of the 304 Starbucks locations identified generally in their Amended Complaint, and specifically, the barriers to access they encountered at the thirty-eight (38) locations identified in paragraph 13 of the Amended Complaint.  Finally, Plaintiffs had to present concrete and specific evidence of a real and immediate future threat of injury they are likely to encounter at each of the locations they allege they visited.  To the extent Plaintiffs failed to produce the necessary evidence to establish standing for each of the 304 Starbucks locations generally alleged in the Amended Complaint, and the thirty-eight (38) locations specifically identified in paragraph 13 of the Amended Complaint, Plaintiffs lack standing to assert their claims and summary judgment is appropriate and should be entered.

Respectfully submitted,

*/s/ Monica J. Williams*
Helen A. Palladeno, Esq.
Florida Bar No. 0186831
Email: helen.palladeno@ogletreedeakins.com
Monica J. Williams, Esq.
Florida Bar No.: 0566780
Email: monica.williams@ogletreedeakins.com
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
100 N. Tampa Street, Suite 3600
Tampa, FL  33602
Telephone:     813.289.1247
Facsimile:      813.289.6530
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2012, I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send notice of electronic filing to attorneys for Plaintiff, Lawrence A. Fuller, Esq.

I FURTHER CERTIFY that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

*/s/ Monica J. Williams*
Monica J. Williams, Esq.

16