UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61010-CIV-COHN/Seltzer

ACCESS 4 ALL, INC., a Florida non-profit
Corporation, PETER DIPALMA, individually,
and WILLIAM NORKUNAS, individually,

    Plaintiffs,

vs.

STARBUCKS CORPORATION, a Washington
corporation, d/b/a STARBUCKS COFFEE
COMPANY,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
RENEWED MOTION FOR SUMMARY JUDGMENT
ORDER DENYING MOTION TO STRIKE AS MOOT**

**THIS CAUSE** is before the Court upon Defendant's Renewed Motion for Summary Judgment as to Standing [DE 46], Plaintiffs' Response [DE 48] and Defendant's Reply [DE 51], as well as Defendant's Motion to Strike Plaintiffs' Notice of Filing Signed Inspection Reports [DE 54]. The court has carefully considered all of these filings and the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiffs filed this action alleging various violations of the Americans with Disabilities Act ("ADA") in many of Defendant's retail locations within the State of Florida. The Complaint alleged specific ADA violations in 18 locations within the Southern District of Florida, but also listed approximately 300 other locations within Florida as containing similar violations. Complaint, ¶¶ 10, 13. Plaintiffs later moved to amend the Complaint to include 20 additional stores in the section of the proposed

Amended Complaint that contained the more specific allegations found during the Rule 34 inspections.  Amended Complaint, ¶ 13 [DE 41].  The Court granted this motion over Defendant's opposition.  Order of November 23, 2011 [DE 40].[1]  After discovery, the parties each moved for summary judgment.  On January 4, 2012, this Court denied both sides' motions [DE 45].  Pursuant to the Court's Order of November 23, Defendant has filed a renewed motion for summary judgment as to Plaintiffs' standing.

## II. DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith

---

[1] This Order also allowed Defendants additional time to pursue discovery on the standing issue as to the additional stores and to file a supplemental motion for summary judgment on the standing issue by January 20, 2012.

Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

## B.  Standing

Defendant contends that Plaintiffs lack standing because they have "no evidence to substantiate their contention that they personally encountered any barriers to access at any of the 304 locations identified in their Complaint." Defendant's Motion at 2. In order to have standing to bring a lawsuit, an ADA plaintiff must suffer injury in fact from the alleged forms of discrimination. Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001). In order to suffer injury in fact, a plaintiff must have actual knowledge of the discrimination, either through personal experience or actual notice that the discrimination occurs in a defendant's facility. Id. "A plaintiff may have 'actual notice' under this provision by either having 'encountered discrimination or [having] learned of the alleged violations through expert findings or personal observation.'" Resnick v. Magical Cruise Co., 148 F. Supp. 2d 1298, 1302 (M.D. Fla.

3

2001) (quoting Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1081 (D. Haw. 2000)) (alteration in original).  In addition to the injury in fact, "a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).  Therefore, "the question of whether the plaintiff has constitutional standing to pursue a Title III claim depends on whether the plaintiff is likely to return to the defendant's place of public accommodation in the immediate future." Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc., 2009 WL 320855, at *7 (M.D. Fla. Feb. 9, 2009).  "[C]ourts have generally focused on four factors when deciding the likelihood that a plaintiff will return to the defendant's facility and suffer a repeat injury: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant." Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1316 (M.D. Fla. 2010) (internal quotation marks omitted); *see* Rasmussen, 2009 WL 320855, at *7 ("Courts consider such factors as the plaintiff's proximity to the facility, the plaintiff's past use of the facility, and the certainty and sincerity of the plaintiff's intent to visit the facility in the future.").

   Plaintiffs rebut Defendant's argument that no standing has been proven by submitting portions of the deposition testimony of Plaintiff William Norkunas [DE 48-1] and a supplemental affidavit of William Norkunas [DE 49-1/50-1].  Plaintiffs also rely upon the deposition testimony of Peter DiPalma [DE 47-4] and the previously submitted affidavits in opposition to Defendant's motion for summary judgment.  Affidavit of Peter DiPalma [DE 39-1] and William Norkunas [DE 39-2].  However, as Defendant argues,

this evidence shows that Plaintiffs personally experienced discrimination in only some of the Starbucks locations listed in the Amended Complaint. In addition, Plaintiffs have not met their burden to show that they are entitled to injunctive relief as the vast majority of the locations are not located near where Plaintiffs live, nor have Plaintiffs visited those locations in the past.

1.  Personal Knowledge and Chain Locations

Defendant argues that Plaintiffs have failed to provide sufficient evidence of actual knowledge of physical barriers at many of its locations listed in the Amended Complaint. As discussed in the Court's prior Order Denying Motions for Summary Judgment [DE 45], Plaintiffs contend that ADA case law does not require a plaintiff to prove actual knowledge of violations as to other locations of the same national chain, particularly where alleged discriminatory policies apply to all locations. Plaintiffs again rely upon certain United States District Court cases from California and Hawaii for this proposition. See Celano v. Marriott Int'l, Inc., Case No. C-05-4004-PJH, 2008 WL 239306 (N. D. Cal. January 28, 2008); Castaneda v. Burger King Corp., 597 F.Supp.2d 1035 (N.D. Cal. 2009); and Parr v. Kapahulu Investments, Inc., Case No. Civ. 98-00329-FIY, 2000 WL 687646 (D. Hawaii May 16, 2000). Defendant responds to the chain location argument by noting that at least one district court has declined to follow the decisions relied upon by Plaintiffs. In Equal Rights Center v. Abercrombie & Fitch Co., 767 F.Supp. 2d 510, 527-28 (D. Md. 2010), the court noted that the Castaneda decision appeared to be based upon a class action claim, and that the Celano decision appeared to be based upon those plaintiffs contacting numerous golf courses by telephone to reserve a single rider cart that none of the Marriott courses kept on site.

Defendant also cites to Gutherman v. 7-Eleven, Inc., 278 F.Supp. 2d 1374, 1378 (S.D. Fla. 2003), in which the District Court relied upon the standing test described above in an action against multiple locations of a retail chain.  It is important to note that Gutherman was filed as a class action.[2]

In the present case, contrary to Plaintiffs' contentions, Defendant has put forth evidence that it in fact has in place a corporate policy to provide wheelchair disabled customers with access to an accessible table when that table is in use by an able bodied person, by having employees ask and help to move non-disabled persons away from such tables.  See Store Operations Guide, Exhibit 2 to Declaration of Daniel Rush (which is Exhibit 1 to Defendant's Statement of Undisputed Material Facts) [DE 47-1].  Thus, there is a factual distinction between the primary ADA issue here regarding Starbucks' employees' obligation to ask patrons to move from a wheelchair accessible table (which could vary from location to location), as opposed to the policy in Celano regarding Marriott's acknowledged failure to have single rider golf carts at any of its golf courses.

This Court concludes that given the case law from the Eleventh Circuit and the District Courts in Florida, Plaintiffs' cited cases are not sufficiently persuasive for this Court to accept Plaintiffs' argument regarding the amount of evidence required to prove

---

[2] Plaintiff argues that there is case law from this District that a plaintiff has standing to challenge other barriers related to his disability and identified in his expert's inspection, even if the plaintiff had neither encountered nor had personal knowledge of the barriers.  Access 4 All, Inc. v. The Atlantic Hotel Condominium Association, Inc., Case No. 04-61740-CIV-JIC, 2005 WL 5643878 (S.D. Fla. Nov. 23, 2005).  However, in that decision, the plaintiff had personally visited the hotel in question.  In the case at bar, there is no evidence that Plaintiffs have visited the vast majority of the locations in question.

a claim of ADA discrimination against a chain location not visited by a plaintiff.  Absent such evidence, Plaintiffs do not have standing to bring a claim for injunctive relief against a particular location.  In the present action, upon a review of the evidence put forth by Plaintiff, Plaintiff Peter DiPalma only visited four stores.  Deposition of DiPalma, Exhibit 4 to Defendant's Statement of Undisputed Material Facts at 23, 26-28, 30.[3]  He testified that at there were barrier issues with the front door weight (too heavy to open), the countertop heights, disabled table access, and bathroom doors not having sufficient opening space.  DiPalma has definite plans to return to those four locations.  However, he does not have concrete plans to visit any of the other Starbucks locations in Florida.

As for Plaintiff William Norkunas, in the initial round of summary judgment motions, Mr. Norkunas submitted an affidavit in which he lists 18 South Florida locations that he personally visited, encountered physical barriers, and intended to return to in the future.  Affidavit of William Norkunas [DE 42-1].  This statement of intention to return was not specific to any particular store.  Id., ¶ 8.  On January 4, 2012, Plaintiff Norkunas testified at his deposition that he personally visited and encountered barriers at the additional locations of: 1) 2004 Tamiami Trail, Naples; 2) 740 North Collier Boulevard, Naples; 3) 14401 Southwest 42nd Street, Miami; 4) 47 West Flager, Miami; 5) 6815 Biscayne Boulevard, Miami; 6) 13503 Biscayne Blvd, Miami; 7) 8001 South Orange Blossom Trail, Orlando; 8) a store in the 600 Blanding Boulevard block, Jacksonville; and 9) another store in Jacksonville on Blanding approximately five blocks

---

[3] These locations are 19127 Biscayne Blvd., Miami, another store on Biscayne Blvd. in Miami, 1800 North Federal Highway, Pompano Beach, and 1150 South Federal Highway in Dania Beach, Florida.

from the 600 Blanding store.[4]  The particular barrier issues at these locations included sloped parking, a transaction counter that was too high, lack of accessible tables, bathroom door opening the wrong way, and in one case at the West Flagler Miami store, the corridor to the bathrooms was too narrow.  Deposition of William Norkunas [DE 47-3 and 48-1].  Plaintiff Norkunas also submitted a Supplement Affidavit, in which he again gives the general statement that he "frequently travel[s] to Starbucks locations throughout Florida;" he "intend[s] to return to Starbucks in the future;" and he "frequently travel[s] to Starbucks locations on a regular basis, perhaps as much as two (2) times per week, and intend[s] to continue to frequently return to Starbucks for coffee."  Supplement Affidavit, ¶¶ 1-3 [DE 49-1].

As to these 31 locations, Plaintiffs have put forth sufficient evidence that there is at least a genuine issue of material fact that they encountered physical barriers and have concrete plans to visit these locations in the future, given the proximity of the place of public accommodation to plaintiff's residence or planned business travel.

### 2.  Personal Knowledge – Actual Notice from Expert Reports

The parties dispute the significance of the Plaintiffs' expert reports.  Because the Court has determined that Plaintiff has standing regarding 31 locations that one of the Plaintiffs actually visited, and does not have standing as to the other locations, the expert reports did not, in this action, create standing for Plaintiffs.  The Court need not decide the issue of whether expert reports can create standing in the absence of a

---

[4] In searching through the Amended Complaint, there is only one store listed on Blanding Boulevard in Jacksonville, Florida.  Therefore, the Court does not know the address of the store testified about at pages 99-101 of the Norkunas deposition.

personal visit to a location by a plaintiff.

### III.  CONCLUSION

The Court concludes that there remain genuine issues of material fact whether Plaintiff has standing to seek injunctive relief as to the four stores visited by Plaintiff DiPalma (19127 Biscayne Blvd., Aventura; 18215 Biscayne Blvd., Aventura; 1800 N. Federal Highway, Pompano Beach; 1150 S. Federal Highway, Dania Beach); the 18 stores in South Florida listed in the Affidavit of William Norkunas [DE 42-2]; and the nine stores described by William Norkunas in his deposition (2004 Tamiami Trail, Naples; 740 North Collier Boulevard, Naples; 14401 Southwest 42nd Street, Miami; 47 West Flager, Miami; 6815 Biscayne Boulevard, Miami; 13503 Biscayne Blvd, Miami; 8001 South Orange Blossom Trail, Orlando; a store in the 600 Blanding Boulevard block, Jacksonville; and another store in Jacksonville on Blanding approximately five blocks from the 600 Blanding store).  As to all the other stores listed in the Amended Complaint, Plaintiffs lack standing under the caselaw from this District and the Eleventh Circuit.  See pages 3-4, *supra*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Renewed Motion for Summary Judgment as to Standing [DE 46] is hereby **GRANTED in part** and **DENIED in part**;

2. The Court will separately enter summary judgment as to those locations for which Plaintiffs lack standing;

3. Defendant's Motion to Strike Plaintiffs' Notice of Filing Signed Inspection Reports [DE 54] is hereby **DENIED**, as the Court did not rely upon the expert reports in

reaching this decision.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of February, 2012.

JAMES I. COHN
United States District Judge

Copy Provided:
counsel of record listed on CM/ECF